## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**MICHAEL F. FARMER,**
 **Address:**
 1622 Hidden Valley Road
 Rayville, Missouri 64084

  **Plaintiff,**

 **v.**

**PROSPECT MORTGAGE, LLC,**
 **Serve at:**
 Registered Agent
 Corporation Service Company
 2900 SW Wanamaker Drive
 Suite 204
 Topeka, Kansas 66614

  **Defendant.**

**Case No.**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Michael F. Farmer ("Farmer"), by and through his undersigned counsel, and for his Complaint against Prospect Mortgage, LLC ("Defendant") states and alleges as follows:

## PARTIES

1. Farmer is a citizen of the United States, presently residing in Ray County, Missouri.

2. At all times relevant to this action, Farmer was employed by Defendant.

3. Defendant is a limited liability company, organized under the laws of Delaware, with its principle place of business located in California.

4. At all times relevant to this action, Defendant was authorized to conduct business in Kansas and was doing business in Kansas.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant because it conducts business in Kansas and because Farmer's alleged injuries arise out of Defendant's business operations in Kansas.

6.      This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because this Complaint arises under federal law.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Farmer's claims occurred within this Court's territorial jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On or about October 19, 2016, Farmer filed a Charge of Discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.      On July 31, 2017, the EEOC issued Farmer a Notice of Right to Sue with respect to the Charge, and this lawsuit was filed within 90 days of the issuance of the Notice of Right to Sue.

10.     The aforesaid Charge, and any amendments made thereto, provided the EEOC with an opportunity to investigate the full scope of the controversy between the parties.

11.     Farmer has satisfied all prerequisites to the institution of this action.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Paragraphs 1 through 11 above are incorporated herein by reference.

13.     Farmer was hired by CapWest Mortgage ("CapWest"), a division of Farmers Bank & Trust, N.A., as a Loan Originator on April 1, 2015.

14.     Farmer was hired at the CapWest office located at 7500 W. 160th Street, Stillwell, Kansas 66085.

15.     In late 2015, Defendant acquired the assets of CapWest, and Farmer became an employee of Defendant.

16.     Throughout his employment with both CapWest and Defendant, Farmer satisfactorily performed the duties and requirements of his job.

17.     In late June 2016, Farmer suffered a serious health condition in the form of a large abscess in his groin area, which required multiple doctors' visits, hospital stays, emergency surgery, and a lengthy recovery period.

18.     Because of his serious health condition, Farmer was forced to miss several weeks of work.

19.     Farmer notified the company about his medical condition and need for a leave of absence, including his supervisor Mr. Ryan Englemeyer, the Sales Team Manager.

20.     Farmer informed Mr. Engelmeyer that he was scheduled to see his surgeon again on or before July 26, 2017 to discuss his medical status.

21.     On or about July 15, 2016, Farmer received a letter from Ms. Isabel Martinez, Defendant's Benefits Manager.  Ms. Martinez's letter stated, in relevant part:

> I am sorry to hear that you are in need of a medical leave of absence.  Enclosed are Claim Filing Brochures as well as [Defendant]'s Leave Policy.  I have reviewed your file per the information I have received.  Based on your hire date of 11/02/2015, you are **not eligible** for a Leave of absence protected under the Family Medical Leave Act (FMLA).

22.     On July 26, 2016, Farmer received another letter from Ms. Marcela Perez, HR Business Partner, which stated that Farmer's supervisor, Mr. Engelmeyer, had made several attempts to contact him over the prior week without a response.

23.     The letter asked Farmer to contact her or Mr. Engelmeyer by July 29, 2016 to discuss his employment status.

3

24.     After receiving the letter, Farmer and/or his wife attempted to contact Mr. Engelmeyer to discuss his status.

25.     On July 28, 2016, Farmer's wife sent a detailed e-mail to Mr. Engelmeyer and Ms. Perez.

26.     In the e-mail, Farmer's wife explained Farmer's health conditions and the surgical procedure.

27.     In the e-mail, Farmer's wife stated that Farmer had been recently diagnosed with diabetes and high blood pressure, and was continuing to seek treatment for those issues.

28.     In the e-mail, Farmer's wife also identified the medications Farmer was taking, which prevented him from driving.  She explained that he was continuing to recover from the surgery, and that the surgeon estimated the wound would take another 2-4 weeks to heal.

29.     At the conclusion of Farmer's wife's e-mail, she asked: "So is there a way for his position to be held or if he starts feeling a little better next week that he can work from home?"

30.     Farmer and his wife never received a response to the e-mail dated July 28, 2016.

31.     However, on or about August 3, 2016, Farmer received a package from Defendant, which contained all his personal belongings and items from his desk at work.

32.     Around the same time, Farmer also received paperwork in the mail from Defendant entitled: "As you Leave: Your Guide to Leaving All Prospect Mortgage Companies."

33.     On or about August 15, 2016, Farmer received a Physician's Work Release from his physician.

34.     The note stated that he was under physician's care from July 5, 2016 through July 26, 2016, and that he was "fully disabled" from July 5, 2016 through August 16, 2016.

35.     Finally, the letter stated that Farmer could "return to work" on August 17, 2016, with no restrictions.

**COUNT I**
**Violation of the Americans with Disabilities Act ("ADA")**
**Discrimination Based on Disability**
**42 U.S.C. § 12101, *et seq*.**

36.     Paragraphs 1 through 35 above are incorporated herein by reference.

37.     At all times relevant to this action, Defendant was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

38.     At all times relevant to this action, Defendant was an "employer" within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

39.     Under the ADA, no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

40.     The term "discriminate against a qualified individual on the basis of disability" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.  42 U.S.C. § 12112(b)(5)(A).

41.     At all times relevant to this action, Farmer had a "disability" within the meaning of the ADA due to his abscess, diabetes, and high blood pressure.

42.     At all times relevant to this action, Farmer was a "qualified individual" able to perform the essential functions of his job with or without accommodation.

43.     Defendant knew of Farmer's disability.

44.     During his employment, Farmer's co-workers and supervisor(s), while acting within the scope and course of employment, intentionally discriminated against Farmer with respect to the terms, conditions, and/or privileges of employment, because of his disability in violation of 42 U.S.C. § 12101, *et seq.*

45.     During his employment, Farmer sought reasonable accommodation or access to certain benefits from Defendant in the form of continued employment, a medical leave of absence, and/or the ability to work from home.

46.     Defendant failed to consider and/or provide reasonable accommodations for Farmer's disability.  Instead, Defendant discharged Farmer.

47.     Defendant failed to engage in the interactive process to determine whether a reasonable and suitable accommodation existed which would permit Farmer to perform the essential functions of his position, or whether Famer could be reassigned to an open position.

48.     Farmer's disability was a motivating factor or determining factor or otherwise played a part in Defendant's decision to take the aforementioned actions against Farmer.

49.     Defendant knew, or should have known, of the discrimination described herein, but failed to take appropriate remedial action.

50.     Defendant, through its agents or employees, engaged in discriminatory practices with malice or reckless indifference to Farmer's federally protected rights.  Farmer is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

51.     As a direct and proximate cause of the actions and conduct set forth herein, Farmer suffers and will continue to suffer damages, emotional distress, and inconvenience.

52.     WHEREFORE, Farmer requests that this Court enter judgment in his favor and against Defendant for such damages, actual, compensatory, and/or punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as may be appropriate to effectuate the purposes of the ADA.

**COUNT II**
**Violation of the Americans with Disabilities Act ("ADA")**
**Failure to Accommodate**
**42 U.S.C. § 12101, *et seq*.**

53.     Paragraphs 1 through 52 above are incorporated herein by reference.

54.     At all times relevant to this action, Defendant was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

55.     At all times relevant to this action, Defendant was an "employer" within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

56.     Under the ADA, no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

57.     The term "discriminate against a qualified individual on the basis of disability" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.  42 U.S.C. § 12112(b)(5)(A).

58.     At all times relevant to this action, Farmer had a "disability" within the meaning of the ADA due to his abscess, diabetes, and high blood pressure.

59.     At all times relevant to this action, Farmer was a "qualified individual" able to perform the essential functions of his job with or without accommodation.

60.     Defendant knew of Farmer's disability.

61.     During his employment, Farmer's co-workers and supervisor(s), while acting within the scope and course of employment, intentionally discriminated against Farmer with respect to the terms, conditions, and/or privileges of employment, because of his disability in violation of 42 U.S.C. § 12101, *et seq.*

62.     During his employment, Farmer sought reasonable accommodation or access to certain benefits from Defendant in the form of continued employment, a medical leave of absence, and/or the ability to work from home.

63.     Defendant failed to consider and/or provide reasonable accommodations for Farmer's disability.  Instead, Defendant discharged Farmer.

64.     Defendant failed to engage in the interactive process to determine whether a reasonable and suitable accommodation existed which would permit Farmer to perform the essential functions of his position, or whether Famer could be reassigned to an open position.

65.     Farmer's disability was a motivating factor or determining factor or otherwise played a part in Defendant's decision to take the aforementioned actions against Farmer.

66.     Defendant knew, or should have known, of the discrimination described herein, but failed to take appropriate remedial action.

67.     Defendant, through its agents or employees, engaged in discriminatory practices with malice or reckless indifference to Farmer's federally protected rights.  Farmer is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

68.     As a direct and proximate cause of the actions and conduct set forth herein, Farmer suffers and will continue to suffer damages, emotional distress, and inconvenience.

69.     WHEREFORE, Farmer requests that this Court enter judgment in his favor and against Defendant for such damages, actual, compensatory, and/or punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as may be appropriate to effectuate the purposes of the ADA.

### COUNT III
### Violation of the Family and Medical Leave Act of 1993
### 29 U.S.C. § 2615(a)(1) – FMLA Interference

70.     Paragraphs 1 through 69 above are incorporated herein by reference.

71.     At all relevant times, Farmer was employed for at least 12 months by Defendant, the employer to whom leave was requested, and was employed for at least 1,250 hours of service with Defendant during the 12-month period immediately preceding his requested leave, and was therefore an "eligible employee" as that term is defined under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611(2).

72.     At all relevant times, Defendant was engaged in commerce or in any industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and was therefore an "employer" as that term is defined by the FMLA, 29 U.S.C. 2611(4)(A)(i).

73.     Here, Defendant was a "successor in interest" to CapWest, a company that was covered by the FMLA.  Because Defendant was a "successor in interest" to CapWest, an employer covered by the FMLA (e.g., where there is a sale of a company), Farmer had the same rights as if

his employment was continuous with a single employer.  *See* 29 U.S.C. § 2611(4)(A)(ii)(II); 29 CFR § 825.107(c).

74.     Because Farmer started his employment with CapWest on April 1, 2015, he would have been entitled to FMLA protections as of April 1, 2016.

75.     On July 15, 2016, the date Defendant denied Farmer's request for FMLA leave, Farmer was eligible for FMLA.

76.     Defendant wrongfully and illegally interfered with Farmer's federally protected civil rights under the FMLA, including his right to leave under the FMLA, and the right to be restored to his position at the conclusion of FMLA leave.

77.     Farmer was an eligible employee for FMLA leave; Defendant is an employer under the FMLA; Farmer was entitled to leave under the FMLA; Farmer provided sufficient notice to Defendant of his intent to take FMLA leave; and Defendant interfered with and denied Farmer FMLA benefits to which he was entitled.

78.     As a direct and proximate result of Defendant's actions and/or inactions, Farmer has been deprived of income, as well as other monetary and non-monetary benefits.

79.     The actions of Defendant, including its agents and/or employees, in terminating Farmer's employment and depriving him of his federally protected civil rights under the FMLA constitute a willful violation of the FMLA and therefore entitle Farmer to recover liquidated damages.

80.     Farmer is entitled to recover from Defendant his reasonable attorneys' fees and costs.

81.     WHEREFORE, Farmer requests that the Court enter judgment in his favor and against Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for

his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT IV
### Violation of the Family and Medical Leave Act of 1993
### 29 U.S.C. § 2615(a)(2) – FMLA Retaliation

82.     Paragraphs 1 through 81 above are incorporated herein by reference.

83.     Farmer applied for and requested FMLA benefits from Defendant, and thereby engaged in protected activity pursuant to the FMLA, 26 U.S.C. 2615(a)(2).

84.     Farmer was an eligible employee for FMLA leave; Defendant is an employer under the FMLA; Farmer was entitled to leave under the FMLA; Farmer provided sufficient notice to Defendant of his intent to take FMLA leave; and Defendant retaliated against Farmer by taking materially adverse actions against Farmer because of his attempt to exercise his rights under the FMLA.

85.     Defendant's actions in denying Farmer's request for FMLA leave and subsequently terminating his employment are actions that a reasonable employee would have found materially adverse.

86.     A causal connection exists between Farmer's protected activities and the adverse actions.

87.     The materially adverse actions taken against Farmer by Defendants occurred within short temporal proximity to Farmer's attempt to take leave under the FMLA.

88.     As a direct and proximate result of Defendant's actions and/or inactions, Farmer has been deprived of income, as well as other monetary and non-monetary benefits.

89.     The actions of Defendant, including its agents and/or employees, in terminating Farmer's employment and depriving him of his federally protected civil rights under the FMLA

constitute a willful violation of the FMLA and therefore entitle Farmer to recover liquidated damages.

90.     Farmer is entitled to recover from Defendant his reasonable attorneys' fees and costs.

91.     WHEREFORE, Farmer requests that the Court enter judgment in his favor and against Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## DESIGNATION OF PLACE OF TRIAL

Farmer hereby designates the federal court in Kansas City, Kansas, as the place of trial.

## JURY DEMAND

Farmer hereby requests a trial by jury of all triable issues alleged herein.

Dated:  October 18, 2017                    Respectfully submitted,

                                            McCLELLAND LAW FIRM
                                            *A Professional Corporation*

                                            By:     /s/ Ryan L. McClelland
                                                    Ryan L. McClelland,  MO Bar #59343
                                                         D. KS Bar #78128
                                                    The Flagship Building
                                                    200 Westwoods Drive
                                                    Liberty, Missouri   64068-1170
                                                    Telephone:     (816) 781-0002
                                                    Facsimile:     (816) 781-1984
                                                    ryan@mcclellandlawfirm.com

                                                    ATTORNEYS FOR PLAINTIFF